# EXHIBIT B



CIT.PS.CM
**CLERK OF THE COURT**
MRS. RACHEL S. VELA
P.O. DRAWER 428
SAN DIEGO, TEXAS 78384

**ATTORNEY FOR PLAINTIFF**
MR. JUAN "TREY" MENDEZ, III
647 E. SAINT CHARLES STREET
BROWNSVILLE, TEXAS 78520

 **NOTICE DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."
**THE STATE OF TEXAS**

**TO: ABERCROMBIE, SIMMONS & GILLETTE, INC. WHO MAY BE SERVED BY SERVING IT'S VICE PRESIDENT MIKE SWINNEY AT 8700 CROWNHILL BLVD, STE. 701, SAN ANTONIO, TEXAS 78209.**

 You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Request for Disclosures and First Request For Production at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 229th Judicial District Court of Duval County, Texas at the Court House of said County in San Diego, Texas.
 Said Petition was filed in said court on the 26th of March, A. D., 2019 in this case, numbered **DC-19-105** on the docket of said court, and styled.

**BRUSH COUNTRY BANK, Plaintiff**
**VS.**
**ATLANTIC SPECIALTY INSURANCE COMPANY, and ABERCROMBIE, SIMMONS & GILLETTE, INC.,**
**Defendant**

 The nature of said Plaintiff's Demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Request for Disclosures and First Request For Production accompanying this citation and made a part hereof.
 The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, make due return as the law directs.
 Issued and given under my hand and seal of said Court at San Diego, Texas this the 27st day of March, A. D., 2019. Attest Mrs. Rachel S. Vela, Clerk District Court, Duval County, Texas

By: _____, Deputy.

**CERTIFICATE OF DELIVERY BY MAIL**
I hereby certify that on the 27th day of March, 2019 at 3.00 o' clock p. m., I mailed
**TO: ABERCROMBIE, SIMMONS & GILLETTE, INC. WHO MAY BE SERVED BY SERVING IT'S VICE PRESIDENT MIKE SWINNEY AT 8700 CROWNHILL BLVD, STE. 701, SAN ANTONIO, TEXAS 78209.**

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Request For Disclosure attached thereto.
Mrs. Rachel S. Vela, Clerk
By: _____, Deputy

**CLERK'S RETURN**
FILED THIS THE _____ DAY OF _____ A. D. 2019.
MRS. RACHEL S. VELA, CLERK DISTRICT COURT
DUVAL COUNTY, TEXAS
BY: _____, DEPUTY
DATE OF DEFENDANT'S SIGNATURE: _____
**CERTIFIED MAIL NO. 7017 1450 0001 7975 2615**



CIT.PS.CM
**CLERK OF THE COURT**
MRS. RACHEL S. VELA
P.O. DRAWER 428
SAN DIEGO, TEXAS 78384

**ATTORNEY FOR PLAINTIFF**
MR. JUAN "TREY" MENDEZ, III
647 E. SAINT CHARLES STREET
BROWNSVILLE, TEXAS 78520

     **NOTICE DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."
**THE STATE OF TEXAS**

**TO: ABERCROMBIE, SIMMONS & GILLETTE, INC. WHO MAY BE SERVED BY SERVING IT'S VICE PRESIDENT MIKE SWINNEY AT 8700 CROWNHILL BLVD, STE. 701, SAN ANTONIO, TEXAS 78209.**

     You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Request for Disclosures and First Request For Production at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 229th Judicial District Court of Duval County, Texas at the Court House of said County in San Diego, Texas.

     Said Petition was filed in said court on the 26th of March, A. D., 2019 in this case, numbered **DC-19-105** on the docket of said court, and styled.

**BRUSH COUNTRY BANK, Plaintiff**
**VS.**
**ATLANTIC SPECIALTY INSURANCE COMPANY, and ABERCROMBIE, SIMMONS & GILLETTE, INC.,**
**Defendant**

     The nature of said Plaintiff's Demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Request for Disclosures and First Request For Production accompanying this citation and made a part hereof.

     The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, make due return as the law directs.

     Issued and given under my hand and seal of said Court at San Diego, Texas this the 27st day of March, A. D., 2019.Attest Mrs. Rachel S. Vela, Clerk District Court, Duval County, Texas

By: _____, Deputy.

**CERTIFICATE OF DELIVERY BY MAIL**
I hereby certify that on the 27th day of March, 2019 at 3.00 o' clock p. m., I mailed
**TO: ABERCROMBIE, SIMMONS & GILLETTE, INC. WHO MAY BE SERVED BY SERVING IT'S VICE PRESIDENT MIKE SWINNEY AT 8700 CROWNHILL BLVD, STE. 701, SAN ANTONIO, TEXAS 78209.**

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Request For Disclosure attached thereto.
Mrs. Rachel S. Vela, Clerk
By: _____, Deputy

**CLERK'S RETURN**
FILED THIS THE _____ DAY OF _____ A. D. 2019.
MRS. RACHEL S. VELA, CLERKDISTRICT COURT
DUVAL COUNTY, TEXAS
BY: _____,DEPUTY
DATE OF DEFENDANT'S SIGNATURE: _____
**CERTIFIED MAIL NO. 7017 1450 0001 7975 2615**

Filed: 3/26/2019 2:07 PM
Rachel Vela,
District Clerk
Duval County, Texas

Rachel Vela

CAUSE NO. **DC-19-105** _____

| | | |
|---|---|---|
| **BRUSH COUNTRY BANK**<br>**Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **229TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| **ATLANTIC SPECIALTY** | § | |
| **INSURANCE COMPANY, and** | § | |
| **ABERCROMBIE, SIMMONS &** | § | |
| **GILLETTE, INC.** | § | |
| **Defendants** | § | |
| | § | **DUVAL COUNTY, T E X A S** |

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES and FIRST REQUEST FOR PRODUCTION

TO THE HONORABLE COURT:

COMES NOW, BRUSH COUNTRY BANK, and files this Plaintiff's Original Petition for the purpose of recovering monetary damages and general relief as follows:

### DISCOVERY LEVEL

1.    Discovery is to be conducted under Level 2, pursuant to TRCP 190.3.

### PARTIES

2.    Plaintiff BRUSH COUNTRY BANK is a bank located in DUVAL County, Texas.

3.    Defendant ATLANTIC SPECIALTY INSURANCE COMPANY (hereafter "ATLANTIC SPECIALTY") is a property and casualty insurance company duly licensed in the State of Texas and may be served with citation by serving its attorney for service, Corporation Service Company d/b/a CSC Lawyers Inc., 211 E. 7th, Ste. 620, Austin, TX 78701-3218, by certified mail.

1

4.     Defendant ABERCROMBIE, SIMMONS & GILLETTE, INC. (hereafter "ASG") is a Texas adjusting company and may be served with citation by serving its Vice President, Mike Swinney, via certified mail, at 8700 Crownhill Blvd, Ste. 701, San Antonio, TX 78209.

## JURISDICTION, VENUE, AND CLAIM FOR RELIEF

5.     This Court has jurisdiction over this matter because all of the occurrences in question took place in Duval County, Texas, and the amount in controversy exceeds the jurisdictional minimum of this Court.  Venue is proper in this Court because the wrongful acts occurred, Plaintiff is located, and Plaintiff's property is located in, Duval County, Texas.  Pursuant to Tex. R. Civ. Pro. 47(c), Plaintiff seeks only monetary relief over $100,000.00, but not more than $200,000.00.

## FACTUAL BACKGROUND

6.     BRUSH COUNTRY BANK (hereafter "BRUSH COUNTRY") purchased an insurance policy from ATLANTIC SPECIALTY to cover potential losses and/or damages to its property, which is located at 905 E. Riley, Freer, TX 78357. All premium payments were timely made and accepted by ATLANTIC SPECIALTY without mention of any reservations, special exclusions, pre-existing damages, or concerns about defects or other construction problems with the bank property.  Subsequently, on June 21, 2018, BRUSH COUNTRY filed a claim for wind related damages, and damages from water intrusion through wind created openings.  ATLANTIC SPECIALTY acknowledged receipt of BRUSH COUNTRY's claim and engaged the adjusting services of ABERCROMBIE, SIMMONS & GILLETTE, INC. (hereafter "ASG").  As part of its work on the claim, ASG dispatched Luis F. Miller, an adjuster on its roster, to inspect the losses at BRUSH COUNTRY's property.   Based on Miller's findings, both ASG and ATLANTIC SPECIALTY concluded that the cost to repair the insured's damages covered under their insurance

policy totaled $10,779.78, resulting in an undisputed payment to the insured in the amount of $9,779.78.

7.     Mr. Miller, on behalf and at the direction of both ABERCROMBIE and ATLANTIC SPECIALTY, seemingly miscalculated and missed much of the scope of covered damages caused by the storm.   It was apparent that the training provided to Miller by ABERCROMBIE was inadequate, considering the various causation issues encountered in the claim and the repercussions to the insured if not all damages were found.   Whether done negligently or with an intended outcome, the training provided to Miller by Abercrombie was substandard.   After the claim process concluded, BRUSH COUNTRY's claim remained underpaid, leaving the Plaintiff unable to properly repair the property.   This has caused the damages to worsen over time.   ATLANTIC SPECIALTY has thereafter refused to further investigate the cause and extent of BRUSH COUNTRY's property damages and has further refused to pay this claim.

8.     Plaintiff has been subjected to unreasonable delays on this claim, effectively denying the insurance coverage it bought and paid for.   At all times relevant to this lawsuit, BRUSH COUNTRY undertook reasonable steps to mitigate its losses and to reasonably protect the property.   BRUSH COUNTRY has complied with all conditions and obligations under the policy of insurance, including reporting the claim timely and proceeding with provisional repairs. In addition, BRUSH COUNTRY has obtained an independent estimate of damages from Texas Quality First Restoration in the amount of $80,806.14, which has been forwarded to ATLANTIC SPECIALTY and ASG, along with photographs of BRUSH COUNTRY's property damages.   The letter, sent in compliance with Tex. Ins. Code 542A, is attached hereto as Exhibit "A".   To date, no response was received from either party.

9.     The Defendants have collectively misrepresented the facts, misrepresented the insurance coverage, and have wrongfully delayed and denied the resolution of this claim by significantly underestimating the damage repair costs.  It is apparent that these tactics were used to deny payment to the Plaintiff under the policy of insurance.  These false statements and wrongful acts constitute fraud and breach of contract, negligence, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code Chapter 541 and 542, for which the Plaintiff hereby sues ATLANTIC SPECIALTY and ASG to recover actual and statutory damages, interest, costs and attorney's fees.

## BREACH OF CONTRACT

10.     ATLANTIC SPECIALTY's conduct, as previously described, constitutes numerous violations of its policy that it sold to the Plaintiff.   ATLANTIC SPECIALTY has failed to comply with its policy because it has not promptly and reasonably investigated and paid this claim, because it has misrepresented the coverage and causation of the damages, and has failed to pay the reasonable value of the covered repair costs related to this claim in the amount of **$80,806.14.**  By ATLANTIC SPECIALTY's breach of the policy and delay, it has waived any claim that the Plaintiff is obligated to comply with any condition of the policy and is legally estopped to make such assertion as a defense.

## GOOD FAITH AND FAIR DEALING

11.     ATLANTIC SPECIALTY has violated its duty of good faith and fair dealing owed to Plaintiff.  ATLANTIC SPECIALTY violated its duty of good faith and fair dealing by failing to pay this claim in a timely fashion and refusing to investigate and settle this claim in a timely manner.  Beginning at the time that Plaintiff made its claim and continuing until the present, ATLANTIC SPECIALTY's liability to pay the claim in accordance with the terms of the insurance

policy referenced herein has been reasonably clear.  Despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny and/or delay payment for Plaintiff's claim, ATLANTIC SPECIALTY refused to accept the claim in its entirety and pay the Plaintiff as the policy required.  At that time, ATLANTIC SPECIALTY knew, or reasonably should have known, by the exercise of reasonable diligence, that its liability was reasonably clear. Regardless, Defendant ATLANTIC SPECIALTY failed to conduct a reasonable and proper inspection of the claim.  This constitutes failing to handle or process the Plaintiff's claim in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Universe Life Insurance Co. v. Giles*, 950 S.W.2d 48 (Tex 1997), and Section 541.060(a)(2) of the Tex. Ins. Code.  Through the actions described above, ATLANTIC SPECIALTY breached its duty to Plaintiff to deal fairly and in good faith with the Plaintiff.  Such breach was a proximate cause of the loss, expenses and damages suffered by the Plaintiff for which it hereby sues.  Plaintiff has incurred damages as a result of Defendant's breach of it's duty of good faith and fair dealing that are greater than the minimum jurisdiction of this Court.  Furthermore, because ATLANTIC SPECIALTY intentionally violated this duty of good faith and fair dealing with malice, Plaintiff seeks to recover punitive damages in an amount that will deter Defendant, and others similarly situated to it, from repeating these bad faith acts.

### INSURANCE CODE CHAPTER 541-UNFAIR SETTLEMENT PRACTICES

12.      ATLANTIC SPECIALTY has violated Chapter 541 of the Texas Insurance Code by engaging in unfair settlement practices with respect to a claim by an insured or beneficiary. The specific Chapter 541 violations were as follows:

(a)     ATLANTIC SPECIALTY failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiff's claim when the insurer's liability was reasonably clear, in violation of § 541.060(a)(2) of the Tex. Ins. Code.

(b)     ATLANTIC SPECIALTY refused to pay the Plaintiff's claim without conducting a reasonable investigation with respect to the claim, in violation of Section 541.060(a)(7) of the Tex. Ins. Code.

13.     These violations of Chapter 541 have caused damages to Plaintiff, which it is entitled to recover pursuant to § 541.152 of the Tex. Ins. Code.  These damages include, but are not limited to, BRUSH COUNTRY's policy claims in the amount of **$80,806.14**.  Plaintiff is also entitled to three times its amount of actual damages pursuant to §541.152(b) of the Tex. Ins. Code, because ATLANTIC SPECIALTY violated this statute knowingly.

## DECEPTIVE TRADE PRACTICES ACT- UNCONSCIONABLE
## COURSE OF CONDUCT

14.     ATLANTIC SPECIALTY'S actions constitute an unconscionable course of conduct in violation Section 17.50(3) of the Texas Business and Commerce Code ("DTPA"). "Unconscionable action or course of action," is defined by Section 17.45(5) of the Texas Business and Commerce Code as, "an act or practice, which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." As mentioned above, ATLANTIC SPECIALTY misrepresented the coverage, extent, and causation of the losses covered under the insurance policy.  ATLANTIC SPECIALTY'S actions constitute an unconscionable course of conduct entitling the Plaintiff to relief under § 17.50(a)(3) of the Texas Business and Commerce Code.

6

15.     As described above, ATLANTIC SPECIALTY also violated Chapter 541 of the Texas Insurance Code, a "tie-in" statute under the DTPA, entitling Plaintiff to relief under Section 17.50(a)(4) of the Texas Business and Commerce Code.   Furthermore, Plaintiffs are entitled to additional damages pursuant to Section 17.50(b)(1) because Defendants violated the DTPA intentionally.

## INSURANCE CODE CHAPTER 542 – WRONGFUL DELAY

16.     ATLANTIC SPECIALTY has failed to comply with Chapter 542 of the Texas Insurance Code.  The specific violations are as follows:

(a)     ATLANTIC SPECIALTY has failed to adopt and implement reasonable standards for the prompt investigation of the claim arising under the insurer's policies in violations of Section 542.003(5) of Tex. Ins. Code.

(b)     Not attempting in good faith to effectuate a prompt, fair and equitable settlement of a claim submitted in which liability has become reasonably clear, in violation of § 542.003(4) of Tex. Ins. Code.

(c)     ATLANTIC SPECIALTY has failed to comply with § 542.058 of the Tex. Ins. Code by delaying payment of the Plaintiff's claim for more than 60 days after receiving all items and information it requested from the Plaintiffs.

(d)     ATLANTIC SPECIALTY has failed to comply with § 542.003(5) of the Tex. Ins. Code by compelling a policy holder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

17.     As shown herein, ATLANTIC SPECIALTY has committed multiple violations of Chapter 542 of the Tex. Ins. Code.  Violation of said statute is a form of strict liability against

Defendant.  As such, Plaintiff is entitled to 18 percent per annum interest, for each violation, on

the unpaid policy proceeds together with reasonable attorney's fees pursuant Section 542.060 of

the Tex. Ins. Code.

## MULTIPLE DAMAGES (DTPA & INSURANCE CODE)

18.    Plaintiff would show that the false, misleading and deceptive acts, practices and/or

omissions complained of herein were committed "knowingly" in that Defendant ATLANTIC

SPECIALTY had actual awareness of the falsity, deception, or unfairness of such acts, practices,

and/or omissions. Plaintiff further avers that such acts, practices, and/or omissions were committed

"intentionally" in that Defendant ATLANTIC SPECIALTY specifically intended that Plaintiff act

in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas

Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

## EXEMPLARY DAMAGES

19.    Plaintiff would further show that the acts and omissions of Defendant ATLANTIC

SPECIALTY complained of herein were committed knowingly, willfully, intentionally, with

actual awareness, and with the specific and predetermined intention of enriching ATLANTIC

SPECIALTY at the expense of Plaintiff.   In order to punish said Defendants for such

unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff

requests exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code

and §541.152(b) of the Tex. Ins. Code.

## NEGLIGENCE

20.    In the course of the insurance claim process as described herein, Defendant ASG,

as well as its agents, employees, and representatives, owed Plaintiff a duty to use reasonable

diligence in investigating and handling the insurance claim filed by the Plaintiff. Further, Defendant ASG had a duty to train its employees, representatives and/or adjusters in various issues involved in determine the amount of loss on an insurance claim. Defendant knew or should have known that it's adjuster Luis Miller lacked the training and background to properly assess and handle the full scope and extent of the claim filed by the Plaintiff. Defendant, through its agents, representatives, and employees, was negligent in handling and administering its duties as an insurance adjusting company. Therefore, Defendant breached its duty to the Plaintiff. Plaintiff relied on this information to Plaintiff's detriment and has suffered damages in the amount of **$80,806.14**.

## NEGLIGENT MISREPRESENTATION

21.     Plaintiff would show that Defendant ASG, through its agents, employees, and representatives, supplied false or misleading information in the course of said Defendant's businesses, professions or employment, or in the course of a transaction in which Defendant had a pecuniary interest. Such information was supplied by Defendant for the guidance of Plaintiff in the transactions described hereinabove. Specifically, Defendant knew or should have known that it's adjuster Luis Miller lacked the training and background to properly assess and handle the full scope and extent of the claim filed by the Plaintiff. Despite this, it represented that the damages existing at the property totaled $10,779.78, resulting in an undisputed payment to the insured in the amount of $9,779.78, when in actuality the damages were much more significant. Defendant failed to exercise reasonable care or competence in adjusting the claim and investigating the full extent of the loss at the property, thus inducing Plaintiff into believing that the claim filed resulted from items that were either not covered under the policy, substantially less than the actual damages or caused by another event. Plaintiff avers that Plaintiff suffered pecuniary loss, which was

proximately caused by Plaintiff's justifiable reliance on such information, in the amount of **$80,806.14**.

## ATTORNEY'S FEES

22.     Plaintiff has been required to retain counsel in order to collect under the insurance contract with ATLANTIC SPECIALTY.  From the time that Plaintiff retained counsel to the date of this filing, Plaintiff has incurred attorney's fees in the amount of **$1,860.00**.  In addition, Plaintiff will continue to incur reasonable and necessary attorney's fees for each hour its attorneys spend prosecuting this matter, which she seeks to recover from ATLANTIC SPECIALTY.  ATLANTIC SPECIALTY is liable to Plaintiff for these attorney's fees pursuant to Chapter 38.001 *et al* of the Civil Practice and Remedies Code, the DTPA and Chapters 541 and 542 of the Texas Insurance Code. Plaintiff has presented these claims to ATLANTIC SPECIALTY.

## REQUEST FOR DISCLOSURE

23.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this Petition and this request, the information and/or material described in Rule 194.2.

## REQUEST FOR PRODUCTION

Instructions for Requests for Production

24.     Under Texas Rule of Civil Procedure 196, Plaintiff requests that Defendants produce, within 50 days of the service of this Petition and this request, the information and/or material requested herein below:

## REQUEST FOR PRODUCTION NO. 1:

Please produce the original and electronic claim file, with any redactions necessary for privilege, made by ATLANTIC SPECIALTY, ASG, or anyone acting for or on their behalf, including but not limited to, all memos, reports, notes, emails, estimates, videos and photos, for the claim made by Plaintiff under Claim No. 0AB230956, and made the subject of this lawsuit.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 2**:

Please produce a copy of any photos, recordings, videos taken of, and/or statements made by, the Plaintiff related to Claim No. 0AB230956.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents regarding the pre-loss condition of the property which were in the possession of ATLANTIC SPECIALTY or ASG prior to the time the claim made the subject of this suit was filed.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 4:**
Please produce all photos, diagrams, videos, estimates, engineering reports and test results made by ATLANTIC SPECIALTY, ASG and its adjuster MILLER, and/or their agents or employees concerning Claim No. 0AB230956.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all underwriting information produced by ATLANTIC SPECIALTY and its agents or employees relating to the property located at 905 E. Riley, Freer, TX 78537.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 6:**

Please produce the application for insurance with ATLANTIC SPECIALTY or its agents related to insurance coverage on the property located at 905 E. Riley, Freer, TX 78537.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all applicable training materials provided to any field adjuster involved in this claim regarding the adjustment of wind or water damage within the last ten years, which would have been applicable to this claim.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a complete copy of Policy No. 712008930.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 9:**

Please produce a copy of the claim files of any previous claims for damages made by the named Plaintiff herein with ATLANTIC SPECIALTY during the last 10 years, specifically relating to the property located at 905 E. Riley, Freer, TX 78357.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 10:**

Please produce copies of any and all documents that you contend support any affirmative defense, which you allege applies to this action.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 11:**

Please produce copies of any and all non-privileged investigations, reports, memos, notes or correspondence relating to the occurrence in question.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any existing guidelines or operating guidelines regarding the adjustment or identification of water and wind damage.

**ANSWER:**

## PRAYER

25.     For these reasons, Plaintiff asks that ATLANTIC SPECIALTY and ASG be cited

to appear and answer, and that Plaintiff receive a judgment against the named Defendants for the

following:

      (a)     Actual, special and consequential damages;

      (b)     Punitive and additional damages;

      (c)     Reasonable and necessary attorney's fees;

      (d)     Prejudgment and post-judgment interest as allowed by law;

      (e)     Costs of suit; and

      (f)     All other relief, in law and in equity to which Plaintiff may be justly entitled.


Respectfully submitted,

MENDEZ LAW FIRM


By
Juan "Trey" Mendez, III
Texas Bar No. 24051041
trey@brownsvillelawfirm.com
647 E. Saint Charles Street,
Brownsville, Texas 78520
(956) 541-7600
(956) 541-7612 Facsimile
**ATTORNEY FOR PLAINTIFF**

A True copy of the original, I certify
the _27th_ day of _March_, 20 _19_
Rachel S. Vela
Clerk of the District Court,
Duval County, Texas
By _____, Deputy

13

4/16/2019 2:03 PM
Rachel Vela,
District Clerk
Duval County, Texas

Elizabeth Hinojosa

CAUSE NO. <u>DC-19-105</u>

| | | |
|---|---|---|
| BRUSH COUNTRY BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | DUVAL COUNTY, TEXAS |
| ATLANTIC SPECIALTY INSURANCE | § | |
| COMPANY AND ABERCROMBIE, | § | |
| SIMMONS & GILLETTE, INC., ET AL | § | 229th JUDICIAL DISTRICT |

**ORIGINAL ANSWER OF DEFENDANT,
ABERCROMBIE, SIMMONS & GILLETTE, INC. TO
PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, **ABERCROMBIE, SIMMONS & GILLETTE, INC.,** (hereinafter sometimes referred to as Defendant) and in answer to Plaintiff's Original Petition would respectfully show unto the Court the following:

**I.**

Defendant enters a general denial of all of the allegations of the Plaintiffs in this cause pursuant to TEX.R.CIV.P. 92.

**II.**

By way of further affirmative defense, and if necessary in the alternative, Defendant asserts the existence, breach and/or violation of any duty to Plaintiff is specifically denied.

**III.**

By way of further affirmative defense, and if necessary in the alternative, Defendant denies the applicability of the TEXAS INSURANCE CODE to Defendant in this case, and/or the violation of same by this Defendant.

1

## IV.

By way of further affirmative defense, and if necessary in the alternative, Defendant pleads the independent contractor defense.

## V.

By way of further affirmative defense, and if necessary in the alternative, Defendant denies the existence of any fiduciary duty or "special relationship" between this Defendant and Plaintiff.

## VI.

By way of further affirmative defense, and if necessary in the alternative, Defendant denies this Defendant made any material and false representations, or failed to disclose any facts to Plaintiff upon which Plaintiff detrimentally relied.

## VII.

By way of further affirmative defense, and if necessary in the alternative, Defendant would show this Defendant operated at all times in good faith with a reasonable belief in the propriety of Defendant's actions.

## VIII.

By way of further affirmative defense, and if necessary in the alternative, Defendant denies any knowing violation of any applicable statutes.

## IX.

By way of further affirmative defense, and if necessary in the alternative, Defendant asks that the trier of fact decide all questions and issues regarding Plaintiff's request for attorney fees. Defendant objects to said evidence and demands that, if allowed, Plaintiff be required to segregate

said amounts as to those claims for which attorney fees are recoverable and as to those claims for which attorney fees are non-recoverable, or as to the claims asserted against this Defendant.

## X.

By way of further affirmative defense, and if necessary in the alternative, Defendant asserts this Defendant could not be liable for the damages claimed by Plaintiff as the loss, or a portion of the loss, claimed by Plaintiff was due to a risk or cause coming within one or more of the following particular exclusions, exceptions, or limitations as described in the applicable insurance agreement:

a. Failure to provide prompt notice of the loss or damage;
b. Claimed losses constituted multiple occurrences;
c. Claimed losses are not the result of direct physical loss or damage caused by or resulting from any Covered Cause of Loss;
d. Failure to take all reasonable steps to protect the covered property from further damages;
e. Neglect of the insured to use all reasonable means to save and preserve property from further damage after the time of loss;
f. Limitation regarding requirement that walls or roof sustain damage by a covered loss prior to rain entering and damaging interior of any building;
g. "'Fungus', Wet Rot, Dry Rot and Bacteria" exclusion;
h. Exclusion for "Water";
i. Exclusion for faulty, inadequate, or defective "[d]esign, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction";
j. Exclusion for faulty, inadequate, or defective "[m]aterials used in repair, construction, renovation or remodeling";
k. Exclusion for faulty, inadequate, or defective "[m]aintenance";
l. Exclusion for wear and tear; and
m. Exclusion for rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

## XI.

By way of further affirmative defense, and if necessary in the alternative, Defendant asserts that Plaintiff has not performed all conditions precedent to the contract, specifically, to this date, has still not provided prompt notice of Plaintiff's claims as specified in said contract and as required by

common law and/or the TEXAS INSURANCE CODE.  In addition, and in the further alternative, Plaintiff has not complied with the appraisal process clause as required by the Policy in question and Texas law.

## XII.

By way of further affirmative defense, and if necessary in the alternative, Defendant asserts Plaintiff's alleged damages, if any, were the result of an intervening and/or superseding cause or condition for which this Defendant bears no legal responsibility or liability.

## XIII.

By way of further affirmative defense, and if necessary in the alternative, Defendant asserts there is no evidence or insufficient evidence to support Plaintiff's damages.

## XIV.

By way of further affirmative defense, and if necessary in the alternative, Defendant asserts that Plaintiff failed to mitigate Plaintiff's damages.

## XV.

By way of further affirmative defense, and if necessary in the alternative, Defendant asserts the provisions and protection of Section 541/453 of the TEXAS INSURANCE CODE prohibiting double recovery by Plaintiffs.

## XVI.

By way of further affirmative defense, and if necessary in the alternative, Defendant asserts it is not liable for any of the claims of Plaintiff herein.

## XVII.

By way of further affirmative defense, and if necessary in the alternative, Defendant asserts it was not negligent, did not negligently misrepresent anything, and did nothing that was a proximate cause of Plaintiff's damages.

## XVIII.

By way of further affirmative defense, and if necessary in the alternative, Defendant asserts this Defendant did not act in concert or as part of a conspiracy with any other Defendant in this action. Therefore, Defendant cannot be considered a joint tort-feasor with respect to any other Defendant under any theory of law.

## XIX.

By way of further affirmative defense, and if necessary in the alternative, Defendant specifically invokes the provisions of Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE (if applicable), including:

(a)     Section 33.003, which requires the determination of percentage of responsibility of each party and settling defendant;

(b)     Section 33.001, which provides that any plaintiff may not recover damages if his percentage of responsibility is greater than 50 percent;

(c)     Section 33.013(a), which provides that the defendant is liable to a plaintiff only for the percentage of damages found by the trier of fact equal to the defendant's percentage of responsibility;

(d)     Section 33.012(a) and (b) providing for reduction of any recovery by (1) Plaintiff's percentage responsibility and (2) settlement credits; and

(e)     Section 33.013(b) requiring that a defendant be greater than 50 percent responsible to be jointly and severally liable with other defendants.

## XX.

By way of further affirmative defense, and if necessary in the alternative, Defendant would show that no action or inaction on this Defendant's part was a cause in fact, proximate cause, or

producing cause of Plaintiff's damages, if any; rather that Plaintiff's damages, if any, were caused, either solely or partially, by the negligence, fault, or liability of third persons or parties over whom this Defendant had no control.

## XXI.

By way of further affirmative defense, and if necessary in the alternative, Plaintiff is precluded from any recovery of attorneys' fees from this Defendant.

## XXII.

Defendant, pursuant to Tex. R.Civ.Pro. 193.7 hereby gives notice that Defendant intends to use some or all discovery instruments produced in this case at trial, and such discovery instruments include, but are not limited to, all documents Plaintiff or any other party produces in response to written discovery requests from Defendant or any other party.

## XXIII.

Defendant reserves the right to further amend Defendant's answer to allege additional affirmative defenses as may be warranted in the defense of this case.  Additionally, all defenses asserted herein are pled in the alternative where necessary according to law.

WHEREFORE, PREMISES CONSIDERED, Defendant, **BRUSH COUNTRY CLAIMS, LTD** prays that the Plaintiff takes nothing by reason of Plaintiff's suit and that Defendant recover Defendant's costs, and for such other and further relief, both general and special, at law or in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

**CALVERT EAVES CLARKE & STELLY, L.L.P.**
Beaumont Tower
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702

Phone:  (409) 832-8885
Fax:      (409) 832-8886

By: _____
Frank D. Calvert
State Bar No. 03667700
fcalvert@calvert-eaves.com

**ATTORNEYS FOR DEFENDANT,
ABERCROMBIE, SIMMONS & GILLETTE,
INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished to all counsel of record by:

_____X___   Electronic Filing

on this **16th** day of **April**, 2019.

_____
Frank D. Calvert

7

4/23/2019 9:54 AM
Rachel Vela,
District Clerk
Duval County, Texas
Maricella Garcia

**CAUSE NO. DC-19-105**

| | | |
|---|---|---|
| **BRUSH COUNTRY BANK,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **DUVAL COUNTY, TEXAS** |
| **ATLANTIC SPECIALTY INSURANCE** | § | |
| **COMPANY, and ABERCROMBIE,** | § | |
| **SIMMONS & GILLETTE, INC.** | § | |
| | § | |
| **Defendants.** | § | **229th JUDICIAL DISTRICT** |

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S
ORIGINAL ANSWER**

Defendant Atlantic Specialty Insurance Company ("Atlantic Specialty") submits the following *Original Answer* to Plaintiffs' Original Petition.

**I.     GENERAL DENIAL**

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Atlantic Specialty generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

**II.     PRAYER**

Atlantic Specialty prays that (i) Plaintiff's claims for relief be denied in their entirety, (ii) Plaintiff takes nothing by its claims, and (iii) Atlantic Specialty be granted such other and further relief to which it is justly entitled.

Respectfully submitted,

By:    */s/ Brett A. Wallingford*

Brett A. Wallingford
Texas Bar No. 00797618
bwallingford@zelle.com
M. Paige Tackett
State Bar No. 24083935
ptackett@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the forgoing has been served on the following counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on April 22, 2019:

Juan "Trey" Mendez, III
**MENDEZ LAW FIRM**
647 E. Saint Charles Street
Brownsville, Texas 78520
trey@brownsvillelawfirm.com

Frank D. Calvert
**CALVERT EAVES CLARKE & STELLY, L.L.P.**
2615 Calder Avenue, Suite #1070
Beaumont, Texas 77702
fcalvert@calvert-eaves.com

*/s/ Brett A. Wallingford*
Brett A. Wallingford